The opinion of the court was delivered by
Watkins, J.
This is a suit to revoke a tax sale under, the following state of facts, viz: That on the 11th of January, 1877, the plaintiffs’ father acquired the lands included in the calls of the tax title, under an order of sale made in a partition suit, entitled Eugenie Breaux vs. Lanos & McOall, and they were subsequently donated by him to his children, and the plaintiffs acquired, by purchase, the interests of the other donees. That since said partition sale and donation, the plaintiffs and their authors have been in the peaceable and quiet possession of said property, and same has been since regularly assessed in their names for State and parish taxes, up to and. *854 including the year 1888, inAvhich year said alleged sale to the defendant Avas made. That for each and every one of those years the plaintiffs and their authors regularly paid said taxes and hold their receipts for said payments, and especially for the year 1885. That the defend ant claims to have purchased said property, under and by virtue of Act 80 of 1888, on the 3d of June 1889, and thereunder to have acquired title from the State, she having previously acquired title by means of an alleged forfeiture in the year 1886 of the property, for the non-payment of the taxes of 1885, for which they Avere delinquent. That the forfeiture proceedings in 1886 Avere taken against Breaux and Duperier, on an assessment of said property in 1885; and the basis of that assessment was a tax title executed to them in November, 1872, under the revenue law of 1871. That while the tax title of Breaux and Duperier was duly recorded in the proper book of conveyances in May, 1873, they had at no time other possession than such as is imported by an authentic act of sale. None of the acts of sale or donations, evidencing the plaintiffs’ title, were ever recorded in the parish of St. Martin, where the property is situated, until since the adjudication to defendant.
The title to the State, as well as those to defendant, were all recorded, and seasonably.
The question thus presented is whether the recorded title of the •defendant, traced back to Eugene Garandi in 1872, through the assessments and sales described, is a good and valid one, and paramount to the plaintiffs’ unrecorded title. No complaint is made by the plaintiffs of the regularity or legality of any of the assessment or sale proceedings under which defendant and his authors in title acquired the property, except that they (plaintiffs) had been regularly assessed as the owners of the property for the years 1878 to 1888 inclusive, and had paid all the taxes thus assessed, and that an assessment of same to Breaux and Duperier for the year 1885 was illegal, and the forfeiture of said lands to the State in 1886 for the non-payment of those taxes when no taxes are due on said land for the year 1885 was also illegal, and likewise her title to the defendant.
The only question the defendant has raised as to the title of the plaintiffs is the lack of proper and timely registry thereof in the conveyance office of the parish of St. Martin; and he defends the assessment of the property in the names of Breaux and Duperier in 1885 on the sole ground that it was the duty of the Tax Collector, *855 under the law, to examine the conveyance records of the parish for property and assess it accordingly, and that as an examination thus made would have disclosed no other recorded title than theirs, hence the assessment made was valid and legal.
His further insistence is, that an assessment made in 1871, in the name of Garandi, unassailed, is a sufficient support for a tax title to Breaux and Duperier in 1872, and for the 1885 assessment.
This suit can not be treated as an ordinary petitory action, instituted for the purpose of testing the strength of an adversary title to the property in controversy. On the contrary, ■ plaintiffs allege ownership and possession, and that all of the proceedings leading up to the sale to the defendant, as well as his title from the State, are null and void, and have only the effect of casting a cloud upon their title; and their prayer is that the forfeiture of the property to the State in 1886, and the sale to the defendant in 1889, be decreed null and of no effect, and that they be quieted in their possession.
The principal ground on which plaintiffs rest their case is, that in 1885, before and since, they had been assessed on this identical property for State and parish taxes, and regularly and punctually paid same, and that, therefore, there were wo taxes due the State for the year 1885 on that pi'operty, and consequently the forfeiture proceedings were null, and conveyed no title to the State. This is the sole question with which we are to deal, for the only interest the State had was to collect the revenue actually and really due her at the time. She certainly had no interest to subserve in championing the title of Garandi or his successors. Hers was an adversary right. No judgment we could .render in this case would have the effect of disturbing the title of Garandi, or of Breaux and Duperier, whatever it may be. Its only effect would be, if plaintiffs’ pretensions are sustained, to remove a cloud from the title of the plaintiffs, and leave it in statu quo.
The evidence in the record leaves no doubt in our minds that the plaintiffs were assessed in the year 1885 as the owners of this property, and paid the taxes at their maturity on the demand of the Tax Collector, and hence there were no taxes due the State on the assessment of Breaux and Duperier in that year. The proof shows that plaintiffs, and the authors of their title, paid taxes on this property, and that in 1885 and since there were no taxes due the State on this property. This proof fully satisfies the requirements of Sec. 6 of *856 Act 80 of 1888, which are, that “ in order to invalidate a sale to the purchaser, it shall be necessary for the party attacking it to prove that all the taxes for all the years for which the property was adjudicated to the State had been paid, before the adjudication to the State.” When such proof has been administered the prima, facies of the purchaser’s title are destroyed. The law contemplates the assessment, of property but once in each year.
It is a settled principle in matters of taxation that when property has been assessed to two different persons, for the same year, a payment by either will defeat the power of the Tax Collector to sell; and it matters not that the party making the payment is not the true owner.
In Bennett vs. Hunter, 9 Wall. 326, a tax sale was held void because it was made after the owner had tendered payment; and Mr. Desty,, in commenting on that case, said: “Under the principle of this decision, if the same property is assessed to two different persons, payment by either, whether he was the true owner or not, would suffice to defeat the Tax Collector’s power to sell.” Desty on Taxation, pp. 812 to 815.
We find that, in Mr. Saunders’ treatise on the law of taxation in this State, it is announced that the summary of our jurisprudence is-that:
“ The validity of the title acquired from the State depends on the validity of the adjudication or forfeiture. If that was not valid, the State acquired no title, and can transfer none.” Saunders on Taxation, p. 313.
Evidently the State could convey no better title to the defendant than the one she acquired. 32 An. 926; 36 An. 350. To the same effect are the cases of Atwood vs. Weems, 99 U. S. 183, and Lee vs. Kaufman, 106 U. S. 196.
The plaintiffs’ case, we think, was clearly made out, and they should have had judgment in their favor in the lower court.
It is therefore ordered, adjudged and decreed that the judgment, appealed from be annulled and set aside; and it is further ordered and decreed that the adjudication to the State in 1886, and that to-the defendant in 1889, be annulled and set aside as illegal and void,, and as operating as a cloud on plaintiffs’ title, and that they be maintained in possession and quieted in title, and that the defendant and appellee be taxed with all costs.
Mr. Justice Breaux recuses himself.